UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENYE ZHANG, LI PING CHAN AND ANGELA HO, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LING SKINCARE LTD AND LING CHAN, Jointly and Severally,<br><br>Defendants. | ECF CASE<br><br>No.: _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

1.     Plaintiffs Wenye Zhang, Li Ping Chan and Angela Ho (collectively, "Plaintiffs") worked for Defendants Ling Skincare Ltd (Ling Skincare") and Ling Chan (collectively "Defendants") as Aesthicians at Defendants day spas.

2.     Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay overtime premium pay; (ii) failing to pay for all hours worked; (iii) failing to pay spread-of-hours pay; (iv) unlawfully retaining gratuities; (v) making unlawful deductions; (vi) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and (vii) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

3.     Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants

willfully violated the FLSA by (i) failing to pay overtime premium pay; (ii) failing to pay for all hours worked; and (iii) making unlawful deductions.

JURISDICTION AND VENUE

4. This Court also has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

3. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2).

4. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

THE PARTIES

5. Plaintiff Zhang was, at all relevant times, an adult individual residing in Livingston, New Jersey

6. Plaintiff Chan was, at all relevant times, an adult individual residing in Brooklyn, New York.

7. Plaintiff Ho was, at all relevant times, an adult individual residing in Kew Gardens, New York.

8. Ling Skincare was, at all relevant times, a domestic corporation, organized and existing under the laws of the State of New York with its principal place of business at 425 39th Street, Brooklyn, New York 11232. Ling Skincare owns and operates two day spas: Ling Spa Union Square, 12 E. 16th Street, New York, New York ("Ling Union Square") and Ling Spa Upper West Side, 105 W. 77th Street, New York, New York ("Ling Upper West Side"), and a Lift Bar at 12 E. 16th Street, New York, New York.

9. Defendant Ling Skincare is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Ling Skincare is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, are skin care products, including, but are not limited to, cleansers, moisturizers, masks, body salts, bath oils and butter balms.

10. Defendant Ling Chan, upon information and belief, owns, operates and controls Defendant Ling Skincare's day-to-day operations and management and jointly employed Plaintiff and other similarly situated employees at all relevant times.


## STATEMENT OF FACTS

11. Ling Skincare is a day spa with locations on the Upper West Side and Union Square

12. Ling Skincare is open every day of the year except New Year's Day, Independence Day, Thanksgiving Day and Christmas Day. Ling Union Square had hours of operation generally 9:00 a.m. to 9:00 p.m. Monday to Friday, 9:00a.m. to 8:00 p.m. Saturday and from 11:00 p.m. to 7:00 p.m. Sundays. Meanwhile, Ling Upper Westside had hours of operation of 10:00 a.m. to 7:00 p.m. Monday to Friday, 9:30 a.m to 6:00 p.m. Saturdays and 11:00 a.m. to 5:00 p.m. Sunday.

13. On information and belief, Defendant Ling Chan owns and operates Ling Skincare. In this capacity, she is regularly at the spas, interacting with customers and employees; instructing employees what to do; she has authority to hire and fire employees, change employees' pay and employee's schedules; and keep records regarding their employees' hours worked and compensation.

Duties Performed and Hours Worked[1]

14. Defendants employed Plaintiff Wendy Zhang as an Aesthecian at the Ling Upper Westside from in or about October 2002 to in or about January 2015.    In this capacity, Zhang was responsible for performing various facials and other skincare treatments, as well as selling Ling Skincare products and performing other general office duties.

15. Defendants typically scheduled Plaintiff Zhang to work five days per week, Tuesday – Saturday, and she did in fact work five days per week most weeks. Defendants also typically scheduled her to work from 10:00 a.m. – 7:00 p.m., however, in reality she regularly worked beyond 7:00 p.m. to complete client treatments.  For example, a client scheduled at 6:00 p.m. for a 90 minute "Wow" Signature facial would require Zhang to work until 8:00 p.m.—6:00 p.m. to 7:30 p.m.  performing the facial, and an additional 30 minutes of clean up, selling the client Ling Skincare products for use at home and performing other general office duties.

16. Based on this client scheduling, Plaintiff Zhang's shift exceeded 10 hours per day, approximately 1-2 times per week, and she regularly worked 45-50 hours per week for which Defendants failed to pay her the statutorily required overtime premium pay.

---

[1] These subject lines are included only for organizational purposes.

17.  Plaintiff Zhang and other Aesthicians at Ling Upper Westside regularly did not have an uninterrupted meal break, yet Defendants consistently deducted from their compensable work hours 30 minutes per day for lunch.

18.  Defendants used time sheets to track hours worked from in or about 2000 to in or about 2006, a time clock from in or about 2006 until late 2008, after which Defendants used at various times, Pro Salon online, MindBody online and Booker online to track employee hours.

19.  On any given day, Plaintiff Zhang worked with between 2 and 3 other Aesthicians at Ling Upper Westside. From personally observing them, reviewing the schedules and speaking with them, she knows that they performed the same primary duties as she performed, worked the same hours that she worked, typically worked through lunch as she did, and were underpaid in the same manner as she was underpaid.

20.  Defendants employed Plaintiff Li Ping Chan as either an Aesthician or Lead Aesthician at Ling Union Square from in or about November, 2001 to in or about August, 2017.  In this capacity, Plaintiff Chan was responsible for performing various facials and other skincare treatments, as well as selling Ling Skincare products and performing other general office duties.

21.  Defendants typically scheduled Plaintiff Chan to work five days per week, Tuesday – Saturday, and she did in fact work five days per week most weeks, as well as the occasional Sunday.  Defendants also typically scheduled her to work from 10:00 a.m. – 7:00 p.m., however, in reality she regularly worked beyond 7:00 p.m. to complete client

treatments. For example, a client scheduled at 6:00 p.m. for a 90 minute "Wow" Signature facial would require Chan to work until 8:00pm—6-7:30 performing the facial and an additional 30 minutes of clean up and selling the client Ling Skincare products for use at home.

22.     Based on this client scheduling, Plaintiff Chan's shift exceeded 10 hours per day, approximately 1-2 times per week, and she regularly worked 45-50 hours per week for which Defendants failed to pay her statutorily required overtime premium pay.

23.     Plaintiff Chan and the other Aesthicians at Ling Union Square regularly did not have an uninterrupted meal break, yet Defendants consistently deducted from their compensable work hours 30 minutes per day for lunch.

24.     Defendants used time sheets to track hours worked from in or about 2000 to in or about 2006, a time clock from in or about 2006 until late 2008, after which Defendants used at various times, Pro Salon online, MindBody online and Booker online to track hours.

25.     On any given day, Plaintiff Chan worked with between 5 and 10 other Aesthicians at Ling Union Square. From personally observing them, reviewing the schedules and speaking with them, she knows that they performed the same primary duties as she performed, worked the same hours that she worked, worked through lunch as she did, and were paid in the same manner as she was paid.

26. Defendants employed Plaintiff Angela Ho as an Aesthician at the Ling Union Square from in or about September, 2001 to in or about August, 2017.  In this

capacity, Plaintiff Ho was responsible for performing various facials and other skincare treatments, as well as selling Ling Skincare products and performing other general office duties.

27.     Defendants typically scheduled Plaintiff Ho to work five days per week, Tuesday – Saturday, and she did in fact work five days per week most weeks, as well as the occasional Sunday.  Defendants also typically scheduled her to work from 10am – 7pm, however, in reality she regularly worked beyond 7:00 p.m. to complete client treatments.  For example, a client scheduled at 6:00 p.m. for a 90 minute "Wow" Signature facial would require Chan to work until 8:00 p.m.—6:00 p.m. to 7:30 performing the facial and an additional 30 minutes of clean up, selling the client Ling Skincare products for use at home and performing other general office duties.

28.     Based on this client scheduling, from in or about 2013 to in or about January 2017, Plaintiff Ho's shift exceeded 10 hours per day, approximately 1-2 times per week, and she regularly worked 41-45 hours per week for which Defendants failed to pay her statutorily required overtime premium pay.

29.     Plaintiff Ho and the other Aesthicians at Ling Union Square regularly did not have an uninterrupted meal break, yet Defendants consistently deducted from their compensable work hours 30 minutes per day for lunch.

30.     Defendants used time sheets to track hours worked from in or about 2000 to in or about 2006, a time clock from in or about 2006 until late 2008, after which

Defendants used at various times, Pro Salon online, MindBody online and Booker online to track hours.

31.     On any given day, Plaintiff Ho worked with between 5 and 10 other Aesthicians at Ling Union Square. From personally observing them, reviewing the schedules and speaking with them, she knows that they performed the same primary duties as she performed, worked the same hours she worked, worked through lunch as she did, and were paid in the same manner as she was paid.

<u>Hourly Rate, Gratuities, Overtime, Spread-of-Hours Pay, Deductions</u>

32.     In addition to an hourly rate of pay at minimum wage, Defendants paid each Plaintiff a "commission" on Plaintiff's gross weekly sales (*i.e.*, the sum of all products and services sold/provided by Plaintiffs on a weekly basis). The percentage commission varied based on gross sales, increasing as gross weekly sales increased. For example, gross weekly sales under $6,000 paid 10% commission; gross weekly sales of $6,000 or more, but less than $8,000 paid 15%; gross weekly sales of $8,000 or more, but less than $10,000 paid 20% commission; and gross weekly sales of $10,000 or more paid 25%. From in or about 2011 until the present, commissions were on paid Gross Weekly Revenue in excess of 1x weekly hourly pay.

33.     Because all sales, whether services and/or products were entered and recorded in real time in Defendants' point of sale system (*i.e.*, the register), the gross weekly sales of each Aesthician was fully calculated and known to Defendants when they processed Plaintiffs' bi-weekly paychecks. In fact, Defendants paid commissions on a bi-weekly basis, along with the hourly wages, albeit reporting the commissions on a

separate IRS Form 1099 for each Plaintiff, rather than on an IRS Form W-2 along with their hourly wages.

34. In violation of applicable FLSA and New York Labor Law provisions, Defendants failed to include the commissions in the regular rate of pay when calculating the overtime premium rate of pay, and thus failed to pay the statutorily mandated overtime premium of 1.5 times the regular rate of pay each and every hour that Plaintiffs worked in excess of 40 hours in a week.

35. Defendants failed to pay for lunch breaks that Plaintiffs worked through.

36. For days that Plaintiffs worked more than 10 hours in a day, Defendants did not pay Plaintiffs spread-of-hours pay: an extra hour at the minimum wage.

37. Based on their own personal observations, conversations with other Aesthicians and conversations with Defendant Ling, Plaintiffs know that Defendants paid all Aesthicians in this same manner, violative of the FLSA and NY Labor Law by failing to pay for all hours worked, overtime premium pay and spread of hours pay.

38. Plaintiffs also regularly received tips from customers.

39. Upon information and belief, customers reasonably believed 100% of the tip was being remitted to the Aesthicians.

40. For credit card tips, however, Defendants remitted only 97% of the tip to the Aesthician, keeping the 3% for themselves, regardless of the fee charged by credit card company, if any.

41. Defendants did not inform their customers that they were retaining any portion of the service fee. Customers reasonably believed 100% of the tip was being remitted to the Aesthicians.

42.     Defendants had no policy or practice to track how much in tips Plaintiffs or other Aesthicians received on a daily or weekly basis.

43.     Based on their own personal observations, conversations with other Aesthicians and conversations with Defendant Ling, Plaintiffs know that Defendants paid all Aesthicians tips in this same manner, violative of the FLSA and NY Labor Law.


Labor Law Notice Violations

44.     Defendants did not post at either Ling Upper Westside or Ling Union Square the mandated poster advising Plaintiffs and other Aesthicians of their right to a minimum wage and overtime premium pay.

45.     Defendants did not provide Plaintiffs or the other Aesthicians the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point during their employment.  Defendants also failed to provide notice of termination pursuant to N.Y. Lab. Law § 195.6.

46.     Plaintiffs and other Aesthicians' pay stubs inaccurately list the hours they worked.

## CLASS ACTION ALLEGATIONS

47.     Plaintiffs assert these allegations and claims on their own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were aesthicians and other comparable tipped positions with different titles, including "Aesthician," and "Lead Aesthician" at any time since February 16, 2012 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law (the "Class Members").

48. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 50 Class Members exist.

49. Plaintiffs claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

50. Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

51. Plaintiffs are committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

52. Plaintiffs have the same interest in this matter as all other Class Members and his claims are typical of Class Members'.

53. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a. whether Defendants employed Plaintiffs and the Class Members, individually or jointly, within the meaning of the Labor Law;

b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

c.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendants failed or refused to pay Plaintiffs and the Class Members for all hours worked;

e.      whether Defendants failed and refused to pay overtime premium pay for all hours worked in excess of forty (40) hours per workweek,

f.      whether Defendants failed and refused to pay spread-of-hours pay;

g.      whether Defendants made unlawful deductions from Plaintiffs and the Class Members' wages;

h.      whether Defendants withheld tips and/or gratuities from Plaintiffs' and the Class Members' wages within the meaning of the Labor Law, violating NYLL § 196-d;

i.      whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiffs and the Class Members are employed;

j.      whether the individual Defendant Ling participated in the day-to-day management of Defendant Ling Skincare and are "joint employers" and liable to Plaintiffs and the Class Members;

k.      whether Defendants are liable for all damages claimed hereunder, including but not limited to, liquidated damages, interest, costs and disbursements and attorneys' fees; and

l.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

54.     Under 29 U.S.C. § 206, Plaintiffs seek to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were Aesthicians and other comparable tipped positions with different titles, including "Lead Aesthician," and/or "Aesthician" at any time since February 16, 2015 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA (the "Collective Action Members").

55.     Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.      whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.      whether the Plaintiffs and Collective Action Members performed similar duties;

c.      whether Defendants failed to keep true and accurate time records for all hours Plaintiffs and the Collective Action Members worked;

d.      what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

e.      whether Defendants willfully or recklessly violated the FLSA;

f.      whether Defendants failed to pay Plaintiffs and the Collective Action Members for all hours worked per workweek, violating the FLSA and the regulations promulgated thereunder

g.      whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime premium compensation for hours worked in excess of forty

(40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

h.      whether Defendants improperly withheld from Plaintiffs and the Collective Action Members tips and gratuities, violating 29 U.S.C. § 203(m);

i.      whether Defendants should be enjoined from such violations of the FLSA in the future; and

j.      whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

<u>FIRST CAUSE OF ACTION</u>
FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiffs and the Collective Action Members)

56.      Plaintiffs repeat and reallege every allegation of the preceding paragraphs as if set forth fully herein.

57.      Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58.      Defendants were required to pay Plaintiffs and the Collective Action Members no less than one and one-half (1.5) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

59.      At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty (40) hours per workweek.

60.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

61.     Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs and the Collective Action Members' compensation.

62.     Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

63.     Due to Defendants' FLSA violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.


SECOND CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

64.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege every allegation of the preceding paragraphs as if fully set forth herein.

65.     Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiffs and the Class Members one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

66.     Defendants failed to pay the Class Members the overtime wages to which they were entitled, violating N.Y. LAB LAW § 650 and Part 142, § 142-2.2 of Title 12 of

the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

67.    Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

68.    Due to Defendants' Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
OFF-CLOCK-WORK UNDER THE FAIR LABOR STANDARDS ACT
(On Behalf of Plaintiffs and the Collective Action Members)

69.    Plaintiffs, on behalf of themselves and the Collective Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

70.    Defendants failed to compensate Plaintiffs and the Collective Action Members for all compensable hours worked.

71.    In failing to compensate Plaintiffs and the Collective Action Members for all compensable hours worked, Defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

72.    This cause of action seeks remuneration for unpaid lunch periods through which Plaintiffs and the Collective Action Members; as well as any uncompensated hours when they worked more than forty hours in a week.

73.    As a result of Defendants' FLSA violations, Plaintiffs and the Collective Action Members have suffered damages by being denied compensation in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such

amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).


## FOURTH CAUSE OF ACTION
### OFF-THE-CLOCK WORK UNDER THE NEW YORK LABOR LAW
(On behalf of Plaintiffs and the Class Members)

74.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege every allegation of the preceding paragraphs as if fully set forth herein.

75.     Defendants failed to compensate Plaintiffs and the Class Members for all their compensable hours worked.

76.     In failing to compensate Plaintiffs and the Class Members for all compensable hours worked, Defendants violated the Labor Law and the regulations thereunder, 12 N.Y.C.R.R. §§ 146-1.2, 1.4.

77.     As a result of Defendants' Labor Law violations, Plaintiffs and the Class Members have suffered damages by being denied compensation in accordance with the Labor Law in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under the Labor Law.

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY SPREAD-OF-HOURS PAY
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

78.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege every allegation of the preceding paragraphs as if fully set forth herein.

79.     Defendants failed to pay Plaintiffs and the Class Members additional compensation for one hour's pay at the basic minimum hourly wage for each day during

which they worked more than ten (10) hours (*i.e.*, "spread-of-hours pay"), violating 12 N.Y.C.R.R. § 142-2.4.

80.     By their failure to pay Plaintiffs and the Class Members spread-of-hours pay, Defendants have willfully violated the New York LAB. LAW Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

81.     Due to Defendants' Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours wages, statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

SIXTH CAUSE OF ACTION
UNLAWFULLY RETAINED GRATITUTIES / DEDUCTIONS
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

82.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege every allegation of the preceding paragraphs as if fully set forth herein.

83.     The tips Defendants received are gratuities that belong to the Plaintiffs and the Class Members under N.Y. LAB. LAW § 196-d.

84.     Defendants have willfully violated N.Y. LAB. LAW § 196-d by unlawfully retaining a portion of the service fees, which are gratuities that should be remitted to the Plaintiffs and the Class Members.

85.     Due to Defendants' violations of the Labor Law, Plaintiffs and the Class Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

SEVENTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Action Members)

86.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

87.     Defendants have willfully failed to supply Plaintiffs and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1(a) within ten business days of their first employment date.

88.     Due to Defendants' violations of Labor Law § 195.1 prior to and including February 26, 2015, Plaintiffs and the Class Members are entitled to recover from Defendants $50.00 for each work week that the violations occurred or continue to occur, or a total of $2,500.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2014).

89.     Due to Defendants' violations of Labor Law § 195.1 on or after February 27, 2015, Plaintiffs and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

EIGHTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Action Members)

90.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

91. Defendants have willfully failed to supply Plaintiffs and the Class Members with the required statement with every payment of wages, violating Labor Law § 195.3.

92. Due to Defendants' violations of Labor Law § 195.3, Plaintiff and the Class Members are entitled to recover from Defendants $250.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs, on behalf of themselves and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class Members;

b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and their counsel to represent the Collective Action Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.      An award for unpaid overtime premium pay under the Labor Law and the FLSA;

f.      An award for unpaid wages (i.e. "off the clock work") under the Labor Law and the FLSA;

g.      An award for unlawfully retained gratuities under the Labor Law and the FLSA;

h.      An award for unpaid spread-of-hours pay under the Labor Law;

i.      An awarded for unlawful deductions under the Labor Law;

j.      An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

k.      An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

l.      An award of liquidated damages as a result of Defendants' Labor Law violations;

m.      An award of liquidated damages as a result of Defendants' willful FLSA violations;

n.      Equitably tolling the statute of limitations under the FLSA;

o.      An award of pre-judgment and post-judgment interest;

p.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

q.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions

of fact the Complaint raises.

Dated:  New York, New York
        February 23, 2017

LIPSKY LOWE LLP


s/ Christopher H. Lowe
Christopher H. Lowe
Douglas B. Lipsky
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
Tel: 212.392.4772
Fax: 212.444.1030
chris@lipskylowe.com
doug@lipskylowe.com