# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW
136-20 38th Avenue, Ste. 10G
Flushing, New York 11354

Keli Liu
+1 (718) 353-8588 (t)
+1 (718)353-6288 (f)
Kliu@hanglaw.com

November 8, 2018

Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Via ECF**

Re:   *Zhang et al v. Ling Skincare Ltd. et al*, 18-cv-01697-GHW

Dear Judge Gorenstein,

This firm represents the Defendants Ling Chan, Ling LTD and Ling at West Side Inc. (the "Defendants" or "Ling" ) in the above-entitled action ( the "Federal Matter"). Per your Honor's order on November 1, 2018, we write, jointly with the Plaintiffs Wenye Zhang, Li Ping Chan and Angela Ho (the "Plaintiffs") (all, together where appropriate, as "the Parties"), to provide further details of the Defendants' two state actions against the Plaintiffs, including the substance of the claims and defenses in the state court actions, the basis for defendants' calculation of plaintiffs' potential monetary exposure in the state court actions, as well as the strengths and weaknesses of the defendants' case and the plaintiffs' defenses.

**I.   The Facts as Set Forth by the Defendants in Their State Actions against the Plaintiffs.[1]**

Established almost 40 years ago, Ling, along with its spa treatments and skincare/body care line, has a cult following that includes A-list celebrities, IT girls, socialite and a high-income clientele that values and demands high quality of service. Over the years, Ling has devoted substantial amount of time, money and resources to develop, cultivate and grow its brand as well as its client base. In the ever changing and competitive beauty industry, Ling places utmost importance on its confidential business and client information and trade secrets. As a result, Ling expects its employees, including the plaintiffs, to act as its faithful and loyal agents.

---

[1] We also attach here as **Exhibit A** the complaints filed in the state actions.

1

Long-term Estheticians, like the plaintiffs, at Ling's spas are the agents of Ling's brand, service and message. Ling alleges therefore that Plaintiffs were employed in a position of trust and confidence, and further maintains that Plaintiffs not only acted at odds with Ling's interests during their respective employment, but also purportedly betrayed Ling's trust and their duty of loyalty by stealing and misappropriating Ling's trade secrets, client lists, confidential information and proprietary information.

Chan and Ho

Ling alleges that Chan concocted a scheme with Ho while they were still working with Ling. Acting in concert, they purportedly stole Ling's trade secrets, client lists, confidential information, proprietary information, and diverted Ling's clients. Ho had intentionally cancelled membership of few clients and misrepresented that they had left New York. Chan ultimately opened a full-service competing beauty spa named "SkinSpoke Spa" with Ho's help. Both left Ling around the same time in or about late 2017, Ho is currently an employee of the spa. Skinspoke is within just walking distance from Ling and provide services and products of the similar kind.

Ling further alleges that, after their departure, both used information they impermissibly obtained from Ling to solicit business and build a client base for SkinSpoke Ltd.. Chan even went so far as to access Ling's spa service account to obtain Ling's confidential information. Ling had received clients' complains about how they were contacted and solicited by Chan and/or Ho. Till this day, Chan and Ho are still trading on the goodwill associated with ever worked at Ling. They and SkinSpoke are still benefiting from their misconduct and resulting in substantial damages to Ling.

For their part, Plaintiffs Chan and Ho deny all of the substantive allegations and maintain that 1) Ling had no information that would be deemed trade secret under the law; 2) Ling failed to protect client names and contact information by providing them to plaintiffs during their employment and encouraging them to contact its clients using their personal cellphones and/or personal email; 3) Plaintiffs did not solicit Ling's clients; and 4) Plaintiffs did not have any non-compete agreement or other restrictive covenants with Ling.

Zhang

Ling alleges that Zhang left her employment with Ling in or about January 2015 unannounced and reappeared at Ling's Upper West Side spa in similar fashion in March 2016. Ling further alleges that she misrepresented herself as "coming back to work", Zhang accessed Ling's computer and its database without its permission and stole Ling's trade secrets, client lists, confidential information and proprietary information. A few months later, using purportedly unlawfully obtained information from Ling, Zhang opened her competing spa business Synergy Therapy with physical location just blocks away from Ling's UWS location. After Zhang's employment relationship with Ling had ended, Ling also learned that Zhang had allegedly given many clients free services at Ling's expense only to receive more tips for herself.

2

For her part, Plaintiff Zhang denies all of the substantive allegations and maintains that: 1) she did not disappear and reappear from employment with Ling, inasmuch as Ling was fully aware of and approved Zhang's travel to China to visit her gravely ill father and later attend his funeral; 2) Ling had no information that would be deemed trade secret under the law; 3) Ling failed to protect client names and contact information by providing them to plaintiffs during their employment and encouraging them to contact its clients using their personal cellphones and/or personal email; 4) Plaintiffs did not solicit Ling's clients; and 5) Plaintiffs did not have any non-compete agreement or other restrictive covenants with Ling.

## II. Assessment of the Alleged Damages Relative to Ling's State Law Claims against the Plaintiffs.

*Prior to* the commencement of the instant federal action, Defendants had served Plaintiffs Chan and Ho with cease and desist letters, requesting them to stop the alleged misconduct. Based on the alleged facts set forth above, Defendants raised causes of action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq. ("CFAA"), faithless servant liability, tortious interference with business relations, breach of duty of loyalty, breach of fiduciary duty, unjust enrichment, common law unfair competition, tortious interference with prospective economic advantage, misappropriation, and injunction.

Ling has a high-income client base, each mature client would normally spend a substantial amount on the Spa services, paying membership fees and purchasing skincare products from the Ling skincare brand. Based their historical and current spending with Ling, Ling is able to assign a proximate monetary value for each of its clients. For instance, based on internal sales and revenue data, Ling estimates that about 50 clients were lost because of Plaintiff Ho's purported misconduct, each with an average "value" of around $7,000 per year. Ling estimates that over 100 clients were lost due to Ms. Chan's alleged misconduct with each client at an average value of around $12,300 per year. Based on Ling's preliminary investigation, over 200 of clients were lost due to the Plaintiffs' alleged misconduct. That loss alone resulted in estimate damage close to $2,000,000.

## III. Litigation forecast for the State Actions

Considering the intricacies' of the commercial claims, we anticipate a substantial burden of discovery especially considering all three Plaintiffs were long-term employees with Ling, who have asserted numerous substantive defenses. We'd also have to conduct extensive, expensive e-discovery involves various third party Spa booking services Ling had used throughout the years. Furthermore, Ling also has to hire multiple experts to review and analyze their relevant computer and financial records. Those efforts alone would not only be costly, but would also cause interruptions to Ling's businesses and take individuals away from their day to day operation of the Spas. Additionally, given the nature of the claims and defenses at issue, the probability of success on summary judgment is uncertain, and we anticipate that lengthy and costly jury trial likely will be necessary to resolve this litigation. Finally, Ling bears the burden to prove both liability and damages in this complex matter. For those reasons, we believe the resolutions the parties reached in the instant matter is fair and reasonable.

Respectfully submitted,

*/s/ Keli Liu*
Keli Liu., Esq.
